No.  96-067

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

AGRI WEST, a Montana Partnership,

Plaintiff and Respondent,

vs.

KOYAMA FARMS, INC., a Montana
corporation,

Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Big Horn,
The Honorable Robert W. Holmstrom, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Charles F. Moses, Moses Law Firm, Billings, Montana;
Harold G. Stanton, Hardin, Montana

For Respondent:

Robert J. Waller, Billings, Montana

Submitted on Briefs: September 5, 1996

Decided:   February 20, 1997
Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

This is an appeal from the Thirteenth Judicial District Court, Big Horn County.  The District Court, after assuming jurisdiction, granted Plaintiff Agri West's motion for summary judgment and subsequently entered judgment for Agri West, awarding damages. From this judgment, Defendant Koyama Farms, Inc. appeals.  We reverse and remand.

The following issues were raised on appeal:

1.    Whether the District Court erred in sustaining the jurisdiction of the State District Court where the case between the parties was pending in the Crow Tribal Court?

2.    Whether the District Court erred in finding jurisdiction in the State District Court where the subject matter of the action affected office and competent leases on the Crow Indian Reservation?

3.    Whether the District Court erred in refusing to recognize the preemption doctrine and that this case was governed by federal statutes and regulations involving the leasing of Indian lands on the Crow Indian Reservation?

4.    Whether the District Court erred in actually applying State law to the facts and circumstances of this case?

FACTUAL AND PROCEDURAL BACKGROUND

Agri West, is a Montana partnership engaged in farming operations in Big Horn County, including farming on the Crow Reservation.  All Agri West partners are non-Indians.  Koyama Farms, Inc. (Koyama) is a Montana corporation with its principal place of business in Big Horn County.  Koyama is also engaged in farming operations on the Crow Reservation.  All of Koyama's stockholders are non-Indian.

In August 1990, the Bureau of Indian Affairs (BIA) notified Agri West that Agri West was the high bidder on leases for specific tracts of land within the Crow Reservation and awarded Agri West five-year leases covering the subject allotments commencing October

1, 1990.  Pursuant to this notification, Agri West began farming certain Indian trust allotments on the Crow Reservation in the fall of 1990.  Agri West paid the rentals and planted a winter crop on the land in October 1990.  The BIA prepared the leases and submitted them to Agri West for signature in February 1991.  Agri West executed the leases and returned those to the BIA along with payment of the filing fees.  During the summer/fall of 1991, Agri West harvested the 1991 winter wheat crop and planted a new crop. Additionally, Agri West paid the annual lease rental on October 1, 1991.

While these farming operations were underway, Agri West's leasing agent attempted to obtain signed copies of the leases from the BIA.  However, the BIA informed Agri West's leasing agent that the allotments should have been leased as "competent" leases rather than BIA "office" leases.  Accordingly, "competent" leases were prepared for signature by the Indian land owners and those owners were contacted to obtain their signatures.

In August 1992, Agri West harvested the 1992 winter wheat crop and planted a new crop in September 1992.  In October 1992, one of the Indian landowners came to Agri West's leasing agent's office to request payment on the annual lease rental.  Agri West's leasing agent gave the landowner copies of the "competent" leases and advised the land owner that Agri West would pay the rentals when the "competent" leases had been signed and returned.  Later in October 1992, Agri West learned that the "competent" leases were executed in favor of Koyama.  These leases were dated October 16, 1992, with effective dates of December 1, 1992.

Agri West continued to care for its crop throughout the fall of 1992 and the spring of 1993.  On July 16, 1993, Koyama filed a civil complaint against Agri West in the Crow Tribal Court requesting an injunction be issued against Agri West.  On August 10, 1993, prior to the time Agri West intended to begin harvesting, Koyama obtained an ex parte temporary restraining order from the Crow Tribal Court restraining Agri West from exercising dominion and control over the trust property and from harvesting the crop on that property.  Subsequently, Koyama entered the property, harvested the crop and transported it to a storage facility in Big Horn County, off the Crow Reservation, where it remains.

On August 18, 1993, Agri West filed a complaint against Koyama in the Montana Thirteenth Judicial District Court claiming ownership of the 1993 winter wheat crop.  On June 14, 1994, the District Court denied Koyama's motion to dismiss for lack of subject matter jurisdiction.  Specifically, the District Court ruled that the state court had jurisdiction and was not preempted by federal law and that the exercise of jurisdiction would not infringe upon the right of the members of the Crow Tribe to make their own laws and be ruled by them.  On March 21, 1995, the District Court granted Agri West's summary judgment, concluding

that Agri West was the proper owner of the 1993 crop and that Koyama had converted that crop.  On April 17, 1995, Koyama filed an amended complaint in the Crow Tribal Court.  Subsequently, the District Court held a hearing concerning Agri West's damages. After the hearing, the District Court awarded Agri West damages in its judgment dated January 16, 1996.  From this judgment, Koyama appeals.  We reverse and remand.

## STANDARD OF REVIEW

We review a district court's conclusions of law to determine whether the court's interpretation of the law is correct.  Carbon County v. Union Reserve Coal Co. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686 (citing Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603).

In this case, the District Court concluded that its assumption of jurisdiction over an action involving a dispute between two non-Indian parties arising out of activities on the Crow Reservation was proper despite the Crow Tribal Court's previous assertion of jurisdiction over the case.  We review this conclusion of law to determine whether the District Court properly interpreted the law governing state/tribal civil jurisdiction.

## DISCUSSION

Whether the District Court erred in sustaining the jurisdiction of the State District Court where the case between the parties was pending in the Crow Tribal Court?

We hold that the District Court erred by sustaining jurisdiction in this action when the Crow Tribal Court had previously assumed jurisdiction over the parties and the subject matter of the dispute between Koyama and Agri West, and we reverse the District Court's legal conclusion to the contrary.  Because this issue is dispositive, we will not address the remaining three issues raised on appeal.

On June 14, 1994, the District Court denied Koyama's motion to dismiss for lack of subject matter jurisdiction.  In denying the motion, the District Court addressed the issue "whether tribal court jurisdiction preempts state court jurisdiction in a dispute between two non-Indian parties arising out of activities on Indian lands."  The District Court noted that Montana has never assumed civil jurisdiction over Indian tribes pursuant to 25 U.S.C.  1322, or any predecessor statute.  Furthermore, the court acknowledged that, absent this assumption of jurisdiction, civil jurisdiction over activities on reservation lands involving non-Indians as well as Indians presumptively lies in the tribal court.

To determine whether Agri West had overcome this presumption, the District Court employed the White Mountain Apache Tribe v. Bracker jurisdiction test to determine whether state jurisdiction was proper.  See Marriage of Wellman (1993), 258 Mont. 131, 137, 852 P.2d 559, 563 (citing White Mountain Apache Tribe v. Bracker

(1980), 448 U.S. 136, 142, 100 S.Ct. 2578, 2583, 65 L.Ed.2d 665, 672). After lengthy analysis, the District Court determined that state jurisdiction over this case was not preempted by federal law and did not infringe upon the right of reservation Indians to make their own laws and be ruled by them. Therefore, the District Court concluded that state jurisdiction over this action was proper.

Subsequently, on March 21, 1995, the District Court granted Agri West's motion for summary judgment, again asserting that state jurisdiction over this case was proper, and holding that Agri West was the owner of the winter wheat crop and that Koyama had converted the crop. Based on this determination, the District Court awarded Agri West damages in its judgment dated January 16, 1996.

Koyama argues that even if this case involved an issue over which the state and tribal courts shared concurrent jurisdiction, the District Court erred by sustaining jurisdiction because an identical case was pending in the Crow Tribal Court. Koyama contends that the first court to exercise concurrent jurisdiction retains jurisdiction to dispose of the entire case. Koyama asserts that the state of Montana has never asserted civil jurisdiction over the Crow tribal lands under 25 U.S.C. 1322 and 28 U.S.C. 1360, and, therefore, the Crow Tribal Court has primary and exclusive jurisdiction over this controversy because it involves the leasing of Indian trust property.

Agri West responds that the issue in this case is not who possessed a valid lease for farming certain Indian trust property. Instead, Agri West contends that the controversy simply involves two non-Indians and concerns who is entitled to ownership of the 1993 winter wheat crop, presently located off the Crow Reservation. Agri West asserts that the rule of priority as to questions of concurrent jurisdiction does not apply here because no identity of parties, subject matter or relief exists between the two cases. Furthermore, even if the priority rule was originally applicable, it no longer applied once Koyama removed the crop from the reservation because that act divested the Crow Tribal Court of concurrent jurisdiction. Agri West, therefore, argues that the District Court properly assumed jurisdiction over this action.

We note that Koyama filed a civil complaint against Agri West in the Crow Tribal Court on July 16, 1993, requesting that the Tribal Court enjoin Agri West from exercising any dominion or control over the leased trust property and from harvesting any crop on the property. On August 10, 1993, the Crow Tribal Court issued a temporary restraining order and an order to show cause against Agri West. Only after the Crow Tribal Court assumed jurisdiction over this action by issuing the temporary restraining order did Agri West file a complaint against Koyama in the State District Court on August 18, 1993, for resolution of ownership of the crop. In response to this complaint, the District Court assumed

jurisdiction despite the Crow Tribal Court's previous assumption of jurisdiction over this action. After reviewing the record and considering Montana law relating to state/tribal civil jurisdiction, we conclude that the District Court erred by sustaining jurisdiction in this action when the Crow Tribal Court had previously exercised jurisdiction over the action.

It is well settled that Indian tribes retain their inherent sovereign powers until Congress acts to circumscribe such powers. Wellman, 852 P.2d at 562 (citing United States v. Wheeler (1978), 435 U.S. 313, 323, 98 S.Ct. 1079, 1086, 55 L.Ed.2d 303, 313). Under Public Law 280, codified at 28 U.S.C. 1360, Congress authorized state governments to unilaterally assume jurisdiction over civil causes of action to which a tribal member was a party and which arose within the boundaries of an Indian reservation. Subsequently, under the 1968 Indian Civil Rights Act, Congress repealed this authorization to unilaterally assume civil jurisdiction and thereafter required the consent of the majority of adult enrolled tribal members before a state could assume jurisdiction. Wellman, 852 P.2d at 562.

Montana has not assumed civil jurisdiction on the Crow Reservation under Public Law 280 and the Indian Civil Rights Act. See Wellman, 852 P.2d at 562-63. Absent this assumption of jurisdiction, civil jurisdiction over activities of non-Indians as well as Indians on reservation lands lies presumptively in the tribal court. Wellman, 852 P.2d at 563 (citing Fisher v. District Court (1976), 424 U.S. 382, 96 S.Ct. 943, 47 L.Ed.2d 106). Furthermore, we routinely treat tribal court judgments with the same deference shown decisions of foreign nations, as a matter of comity. Wippert v. Blackfeet Tribe (1982), 201 Mont. 299, 304, 654 P.2d 512, 515 (citing State ex rel. Stewart v. District Court (1980), 187 Mont. 209, 609 P.2d 290; In re Marriage of Limpy (1981), 195 Mont. 314, 636 P.2d 266)(other citations omitted).

In both Stewart and Limpy we applied the doctrine of abstention, as a matter of comity. In Stewart, because the Crow Tribal Code gave the Crow Tribal Court exclusive jurisdiction over dissolution of marriage actions between tribal members residing within the exterior boundaries of the reservation, we held that as a matter of comity we should abstain from asserting jurisdiction over actions of this kind. Stewart, 609 P.2d at 292. By doing so, we hoped to "reduce the 'inter-governmental friction' likening the 'competing interests' of the State and the tribes to a 'Pullman type abstention situation.'" Stewart, 609 P.2d at 292 (citations omitted).

Subsequently, in Limpy, we again applied the doctrine of abstention as a matter of comity by deferring to a Northern Cheyenne advisory opinion holding that the Northern Cheyenne Tribal Court had exclusive jurisdiction over dissolution of marriage actions between members of the Tribe residing within the

Reservation. Limpy, 636 P.2d at 269. In fact, we abstained despite the fact that the Northern Cheyenne Tribal Court had not attempted to exercise jurisdiction over the specific case then on appeal. Rather, we noted that the tribal court had exercised jurisdiction in similar cases which indicated "a disposition to preempt State jurisdiction." Limpy, 636 P.2d at 269. Furthermore, we could find no policy reason to justify a state court's assumption of jurisdiction to the exclusion of the tribal court. Limpy, 636 P.2d at 269.

The procedural history of the case before us is analogous to that of Stewart and Limpy. As discussed above, when a tribal court asserts jurisdiction over certain causes of action, we defer to that assertion by applying the doctrine of abstention as a matter of comity. If the parties contest the tribal court's assertion of jurisdiction, then it is appropriate that they raise and litigate that issue in the tribal court. A court has the judicial power to rule on the question of its own jurisdiction. Karr v. Karr (1981), 192 Mont. 388, 407, 628 P.2d 267, 277. We conclude that, in the case at bar, the Crow Tribal Court explicitly asserted jurisdiction over this action by issuing a temporary restraining order against Agri West. Therefore, just as in Stewart and Limpy, abstention as a matter of comity is proper under the procedural history of this case.

Furthermore, we reject Agri West's argument that, under the procedural history of this case, the Crow Tribal Court lost jurisdiction over Koyama and Agri West when the crop was removed from the Crow Reservation. Koyama initiated this action in the Crow Tribal Court and the Crow Tribal Court responded by assuming jurisdiction and issuing a temporary restraining order against Agri West, preventing Agri West from harvesting the 1993 winter wheat crop. The fact that Koyama harvested this crop on the reservation, but then stored it off the Crow Reservation did not automatically divest the Crow Tribal Court of the jurisdiction which it had already asserted. Again, if Agri West contests the jurisdiction of the Crow Tribal Court to rule on the ownership of the crop then this jurisdictional issue must be litigated in the court that first asserted jurisdiction--i.e., the Crow Tribal Court--and not in the State courts.

Accordingly, we hold that the District Court erred by sustaining jurisdiction in this action when the Crow Tribal Court had previously assumed jurisdiction over the parties and the subject matter of the dispute between Koyama and Agri West.

Reversed and remanded for further proceedings consistent with this opinion.

/S/ JAMES C. NELSON

We Concur:

/S/   KARLA M. GRAY
/S/   TERRY N. TRIEWEILER
/S/   W. WILLIAM LEAPHART