No. 03-660

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 259

LINDA NIELSEN,

        Plaintiff and Appellant,

   v.

MARGARET BROCKSMITH, individually and as personal
representative of the ESTATE OF CHARLES H. BROCKSMITH,
BROCKSMITH LAND & LIVESTOCK CO., KAY I. BROCKSMITH
DORE, and MARGARET LEE BROCKSMITH HEINS,

        Defendants and Respondents.

APPEAL FROM:    District Court of the Seventeenth Judicial District,
                 In and for the County of Valley, Cause No. DV 2003-07,
                 The Honorable John C. McKeon, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Matthew W. Knierim, Laura Christoffersen, Knierim Fewer &
                Christoffersen, Glasgow, Montana

        For Respondents:

                Fred C. Rathert, Attorney at Law, Williston, North Dakota

                          Submitted on Briefs:  January 13, 2004

                              Decided:  September 21, 2004

Filed:

_____
                         Clerk

Justice John Warner delivered the Opinion of the Court.

¶1      Linda Nielsen (Nielsen) appeals from an order of the Seventeenth Judicial District Court, Valley County, granting the motion to dismiss submitted by Margaret Brocksmith, the Estate of Charles H. Brocksmith, Brocksmith Land & Livestock Co., Kay I. Brocksmith Dore, and Margaret Lee Brocksmith Heins (the Brocksmiths).  We affirm.

¶2      We address the following issue on appeal:  Did the District Court properly dismiss a complaint filed to enforce a settlement agreement allegedly reached during a Rule 54, M.R.App.P., mediation when the appeal was pending?

## I. FACTUAL AND PROCEDURAL BACKGROUND

¶3      This dispute arises out of buy-sell agreements entered into between these parties regarding land, livestock and personal property.  This is the second time the dispute has reached this Court.  We previously addressed state court versus tribal court jurisdiction in *Nielsen v. Brocksmith Land & Livestock, Inc.*, 2004 MT 101, 321 Mont. 37, 88 P.3d 1269 (*Nielsen I*), and affirmed the trial court's decision to abstain as a matter of comity.  Our decision was handed down on April 20, 2004.  In order to address the issue now on appeal, we need not repeat all the facts set out in *Nielsen I*, ¶¶ 3-6, but reiterate the facts necessary to the issue here.

¶4      While the jurisdictional issue in *Nielsen I* was pending on appeal, the parties participated in mandatory mediation pursuant to Rule 54, M.R.App.P.  Nielsen asserts a settlement agreement was reached.  To enforce this alleged settlement agreement, Nielsen filed the complaint in this action on January 15, 2003.  The Brocksmiths moved to dismiss the complaint because the District Court did not have jurisdiction to consider the dispute as

the matter was still pending on appeal, because Nielsen failed to join indispensable parties, and because the defendants were entitled to dismissal since no settlement agreement was reached.

¶5      On June 25, 2003, Nielsen made a motion to this Court to remand the pending appeal in *Nielsen I* to the trial court for an adjudication of the settlement agreement.  On July 8, 2003, we issued an order denying the motion, concluding the Rules of Appellate Procedure do not allow an appeal to be stayed indefinitely.  We stated Rule 54, M.R.App.P., requires a matter to return to the ordinary appeal process if it is not settled.

¶6      On August 18, 2003, the District Court granted the Brocksmiths' motion to dismiss this action concluding that under Rule 54, M.R.App.P., it had no jurisdiction to consider a matter still on appeal in this Court.  In spite of our order denying Nielsen's motion for remand, Nielsen now appeals the District Court's determination.  Further facts are discussed below.

## II. STANDARD OF REVIEW

¶7      The District Court's order is based on its conclusion Nielsen is not entitled to any relief under its interpretation of Rule 54, M.R.App.P.  We review interpretation of the Montana Rules of Appellate Procedure the same as we review interpretation of the Rules of Civil Procedure and statutory interpretation, as a matter of law.  *See Leitheiser v. Montana State Prison* (1973), 161 Mont. 343, 505 P.2d 1203.  Further, we review a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted as a matter of law.  *Missoula YWCA v. Bard*, 1999 MT 177, ¶ 3, 295 Mont. 260, ¶ 3, 983 P.2d 933, ¶ 3.  Therefore, we review the District Court's decision here under Rule 12(b)(6), M.R.Civ.P., to

determine whether its interpretation of Rule 54, M.R.App.P., is correct.

### III. DISCUSSION

¶8 **Did the District Court properly dismiss a complaint filed to enforce a settlement agreement allegedly reached during a Rule 54, M.R.App.P., mediation when the appeal was pending?**

¶9 The District Court interpreted Rule 54, and held:

> The appellate mediation process either results in settlement and dismissal of the appeal or lack of settlement and return to the ordinary appeal process. The appellate procedural rules do not allow District Court action on an alleged mediated settlement absent Supreme Court remand or dismissal of the appeal. So long as the matter subject to mediation is in the appeal process, the jurisdiction remains with the Montana Supreme Court.

The District Court then noted Nielsen did not allege dismissal of the appeal and therefore granted the Brocksmiths' motion.

¶10 Nielsen asserts the District Court erred because the District Court's dismissal combined with our denial of her motion for remand gives her no forum in which to resolve the dispute regarding the alleged settlement agreement. She argues this "Catch-22" situation violates § 1-3-214, MCA, and the Montana Constitution because she is left with no remedy for the wrong she suffered. Nielsen argues mediation cannot be not effective because there is no way to enforce mediated agreements. She also asserts the District Court's dismissal is a denial of her due process because the court did not hold a hearing to establish a record of the factual disputes.

¶11 The Brocksmiths argue the District Court properly dismissed Nielsen's complaint because it was without jurisdiction to hear the dispute under Rule 54, M.R.App.P. In addition, the Brocksmiths argue Nielsen should not be allowed to make a due process

4

argument because she did not present this issue to the trial court. The Brocksmiths assert they are entitled to prevail on the merits because it is undisputed no settlement agreement was reached. Finally, the Brocksmiths also request attorney fees as a sanction against Nielsen under Rule 32, M.R.App.P., for filing a frivolous appeal.

¶12 We agree with the District Court and the Brocksmiths on the threshold issue of whether Rule 54, M.R.App.P., allows a trial court to consider a disputed settlement agreement while the matter is still pending on appeal. Because we affirm based on Rule 54, we need not address the Brocksmiths' other arguments.

¶13 Jurisdiction passes from the district court to this Court when a notice of appeal is filed. *Powder River County v. State*, 2002 MT 259, ¶ 27, 312 Mont. 198, ¶ 27, 60 P.3d 357, ¶ 27. Rule 54, M.R.App.P., sets up a mandatory alternative dispute resolution procedure to be followed when a case is on appeal. For an action seeking monetary damages in civil cases, Rule 54 says the parties "shall" follow the procedure.

¶14 Subsection (e) of Rule 54 specifies "the mediation process required by this rule shall comply with the procedures provided in this subsection." Subsection (g)(1) sets out procedures for the completion of the mediation process. If the parties reach a resolution of the appeal, "the parties shall execute a settlement agreement and file a stipulation for dismissal . . . ." If, on the other hand, the parties do not reach resolution, "all appellate time requirements shall resume as provided." Subsection (g)(2) provides for reports to be filed with the clerk of court in order to establish "a mechanism for returning the case to the ordinary appeal process where mediation has not resolved the case and resulted in a stipulation for dismissal." Finally, under subsection (g)(3), "[t]he parties are encouraged to

5

continue to pursue settlement efforts in the event the mediation process required by this rule does not resolve the appeal and the case returns to the ordinary appeal process." Therefore, as we noted in our earlier order regarding Nielsen's motion for remand in *Nielsen I*, Rule 54, M.R.App.P., contemplates only two possible alternatives for resolution of a matter pending on appeal: either the matter is resolved through mediation or the case returns to the ordinary appeal process and a decision is rendered.

¶15 Nielsen asserts the matter at hand was resolved in mediation and a settlement agreement was reached. However, under the plain language of Rule 54(g)(1), M.R.App.P., set out above, this Court cannot consider a matter resolved until a "stipulation for dismissal" is filed either with this Court, or, under Rule 36, M.R.App.P., in the trial court. In this case, the parties filed a stipulation in this Court indicating "[t]he parties have been unable to complete and close the tentative settlement . . . ." They requested an extension of time to allow them to continue to negotiate and work out the remaining issues. We granted that request and required the submission of status reports. None of those reports include the required stipulation of dismissal to indicate a final settlement agreement was ever reached. Therefore, the case was ultimately resolved on appeal.

¶16 As stated in our order, the Rule does not provide for remand to the district court when there is a dispute regarding whether a settlement agreement was reached. "[T]he Rules of Appellate Procedure do not contemplate that an appeal will be stayed indefinitely while the parties resolve, or indeed, litigate, issues surrounding the performance of a settlement agreement." *Nielsen v. Brocksmith Land & Livestock, Inc.*, No. 02-133, Mont. Supreme Court (July 8, 2003). Returning a case to the trial court before resolution would delay

6

finality, contrary to the purpose of Rule 54.

¶17 We disagree with Nielsen that our decision leaves her without a remedy. Her remedy was our resolution of *Nielsen I* on appeal. If a settlement agreement had been reached and the required stipulation of dismissal filed with this Court, Nielsen could then have litigated any dispute that arose regarding the execution of the agreement.

¶18 As to her argument the District Court denied her due process by not holding a hearing on the motion to dismiss, the record indicates Nielsen failed to preserve this argument for appeal. We do not address an issue raised for the first time on appeal because it is unfair to fault the trial court on an issue it was not given an opportunity to consider. *Renner v. Nemitz*, 2001 MT 202, ¶ 15, 306 Mont. 292, ¶ 15, 33 P.3d 255, ¶ 15. At any rate, our interpretation of Rule 54 precludes any factual dispute. As there was no stipulation of dismissal filed, no due process or other rights of Nielsen were violated.

¶19 We decline to award sanctions to the Brocksmiths under Rule 32, M.R.App.P. This Court does not impose sanctions unless the appeal is "entirely unfounded and intended to cause delay or unless counsel's actions otherwise constitute an abuse of the judicial system." *Greenup v. Russell*, 2000 MT 154, ¶ 24, 300 Mont. 136, ¶ 24, 3 P.3d 124, ¶ 24. Nielsen participated in mediation and believed a settlement was reached. In this appeal she asserts an interpretation of Rule 54, M.R.App.P., and presents a question of law we have not previously addressed. Therefore, her actions are not entirely unfounded and we decline to award attorney fees to the Brocksmiths.

## IV. CONCLUSION

¶20 Because the District Court properly dismissed Nielsen's complaint, we affirm.

7

/S/ JOHN WARNER


We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ JIM RICE