No. 05-010

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 320N

IN RE THE MARRIAGE OF:

JAYSON T. WYATT,

       Petitioner and Appellant,

   and

SHANNON J. HOPKINS WYATT,

       Respondent and Respondent.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade, Cause No. ADR 04-131,
The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Tonja D. Schaff, Falcon, Lester & Schaff, P.C., Great Falls, Montana

      For Respondent:

          Terrance L. Toavs, Law Office of Terrance L. Toavs, Wolf Point, Montana

Submitted on Briefs:  November 9, 2005

Decided:  December 19, 2005

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jayson T. Wyatt (Jayson) appeals from an Order of the Eighth Judicial District Court, Cascade County, dismissing his Petition for Dissolution of his marriage to Shannon J. Hopkins Wyatt (Shannon), an enrolled member of the Fort Peck Tribes. After Jayson filed this action for dissolution of marriage in District Court, Shannon filed a petition for divorce in the Fort Peck Tribal Court. The District Court concluded that it did not have jurisdiction and it also concluded that the Fort Peck Tribal Court had at least concurrent jurisdiction with the State of Montana over the marriage. The District Court declined to exercise its jurisdiction and dismissed Jayson's petition as a matter of comity. Jayson appealed. We affirm.

¶3 The District Court held a hearing to determine the location of Shannon's permanent residence. She had been living in Great Falls since January 2000 to attend the University of Great Falls, and she remained a student at the time of the petitions for dissolution. While living in Great Falls, Shannon maintained a post office box in Poplar on the Fort Peck Reservation as her permanent address, and her driver's license listed this address. Shannon also continued to register her vehicles on the Fort Peck Reservation, and she frequently visited her family there. The District Court found that Shannon maintained her permanent

2

residence on the Fort Peck Reservation while living in Great Falls to further her education, and she never formed an intention to give up this permanent residence.

¶4 Since the District Court found that Shannon was an enrolled member of the Fort Peck Tribes whose permanent residence was on the Fort Peck Reservation, it concluded that the Fort Peck Tribal Court had at least concurrent jurisdiction. These findings do satisfy the requirements of the Fort Peck Code of Justice for vesting jurisdiction in the Fort Peck Tribal Court. *See* Fort Peck Comprehensive Code of Justice, Title X. Family Code, Chapter 2. Marriage, § 301.

¶5 We have determined to decide this case according to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.

¶6 We review a district court's conclusions of law to determine whether the court correctly interpreted the law. *Nielsen v. Brocksmith Land & Livestock, Inc.*, 2004 MT 101, ¶ 7, 321 Mont. 37, ¶ 7, 88 P.3d 1269, ¶ 7. We review a district court's findings of fact to determine if they are clearly erroneous, but if they are supported by substantial credible evidence, we will not alter them absent an abuse of discretion. *In re Marriage of Foster*, 2004 MT 326, ¶ 9, 324 Mont. 114, ¶ 9, 102 P.3d 16, ¶ 9. We review a district court's decision to decline to exercise jurisdiction under the doctrine of abstention to determine whether the court properly interpreted the law governing state/tribal civil jurisdiction. *Nielsen*, ¶ 7.

¶7 There is sufficient evidence in the record from which the District Court could find that Shannon's permanent residence was on the Fort Peck Reservation. While living in Great

Falls to attend the University of Great Falls, she maintained a post office box on the Fort Peck Reservation as her permanent address, her driver's license listed this address, she registered her vehicles on the Fort Peck Reservation, and she frequently visited her family there. Given this substantial evidence, we do not conclude that the District Court's finding was clearly erroneous.

¶8      Jayson does not argue that the District Court does not have concurrent jurisdiction with the Fort Peck Tribal Court, but asserts that the District Court erred when it declined to exercise jurisdiction as a matter of comity. We have previously deferred to the Northern Cheyenne Appellate Court's holding that the Northern Cheyenne Tribal Court had jurisdiction over a marriage dissolution between Northern Cheyenne tribal members residing within the reservation on the basis of comity. *In re Marriage of Limpy* (1981), 195 Mont. 314, 318, 636 P.2d 266, 269. In considering a marriage dissolution where one party was a member of the Blackfeet Tribe and the other was not, we referred to *Limpy* and, while noting a lack of precedent on the issue, also suggested that the Blackfeet Tribal Court had concurrent jurisdiction with Montana Courts over marriage and divorce. *In re Marriage of Wellman* (1993), 258 Mont. 131, 135-36, 852 P.2d 559, 562.

¶9      There are no children of the marriage between these parties. The only asset of any substance owned by either party is a house located on trust land within the exterior boundaries of the Fort Peck Reservation. The house and debt thereon were acquired by Shannon before the marriage in question. Jayson testified that he claims no interest in this house. The parties present no argument concerning the distribution of the marital estate, whether on or off of the reservation.

4

¶10 Given concurrent jurisdiction over the marriage by the Montana Courts and the Fort Peck Tribal Court, this Court's precedent deferring to Tribal Court jurisdiction in a similar situation in *Limpy*, and the lack of any controversy concerning distribution of property which is not located on the Fort Peck Reservation, we conclude that the District Court did not err in dismissing Jayson's petition for dissolution as a matter of comity.

¶11 Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS