No. 05-722

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 264N

_____

ADAM EREKSON and MATTHEW EREKSON,

       Plaintiffs and Appellants,

   v.

BILLINGS HIGH SCHOOL DISTRICT NUMBER
2, YELLOWSTONE COUNTY, DAVE WILLIAMS,
and MARK SULSER,

       Defendants and Respondents.

_____

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone, Cause No. DV 04-286,
The Honorable Russell C. Fagg, Presiding Judge.

COUNSEL OF RECORD:

       For Appellants:

          Matthew L. Erekson, Attorney at Law, Billings, Montana

       For Respondents:

          Mary E. Duncan and Lawrence R. Martin, Felt, Martin, Frazier, Jacobs &
Rapkoch, P.C., Billings, Montana

_____

Submitted on Briefs:  August 16, 2006

Decided:  October 17, 2006

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    The Ereksons, Adam and his father Matthew, filed a complaint in the Thirteenth Judicial District Court, Yellowstone County, alleging the defendants (1) discriminated against Adam on the basis of his religion by not allowing him--a member of the varsity football team--any play time in any football game during his senior year of high school and by cutting him from the high school basketball team; and (2) withheld public records relating to the Ereksons' discrimination claims.  The District Court granted the defendants' motions for summary judgment.  We affirm.

¶3    The issues are whether the District Court erred as a matter of law in granting summary judgment to the defendants on the discrimination claims and on the claim of withholding public records.

¶4    Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  M. R. Civ. P. 56(c).  We review a district court's grant or denial of a summary judgment motion *de novo*.  If, after a *de novo* review, we determine that a district court's legal conclusions are correct, we will affirm. On the other hand, if we conclude the district court's legal rulings are

2

incorrect, we will reverse. *Cole v. Valley Ice Garden, L.L.C.,* 2005 MT 115, ¶ 4, 327 Mont. 99, ¶ 4, 113 P.3d 275, ¶ 4.

¶5 Ereksons first argue that the District Court erred when it dismissed their claim of religious discrimination under federal law, because the requirement to exhaust administrative remedies under the Montana Human Rights Act does not apply to a federal discrimination claim. Ereksons did not make this argument to the District Court, and we do not address issues raised for the first time on appeal. *See, e.g., Nielson v. Brocksmith*, 2004 MT 259, ¶ 18, 323 Mont. 98, ¶ 18, 99 P.3d 181, ¶ 18 (citation omitted).

¶6 Ereksons next argue that their state discrimination claims in their amended complaint should not have been dismissed. In their argument on these claims, Ereksons mischaracterize the situation by stating that the claims were dismissed on *res judicata* grounds.

¶7 In granting summary judgment on the discrimination claims in the amended complaint, the District Court noted Ereksons did not file an administrative complaint with the Montana Human Rights Board (MHRB) until after the deadline for filing such a claim had run. Because the Ereksons had failed to first take their claims to the MHRB within the time allowed, the court determined they had no actionable claim in court. The District Court was correct. *See Hash v. U.S. West Communications Services*, 268 Mont. 326, 331-32, 886 P.2d 442, 445-46 (1994).

¶8 The Ereksons' third argument on appeal is that the District Court erred in granting the defendants summary judgment on their claim for failure to produce documents constituting public records. Based on the affidavits and exhibits filed in support of the

defendants' motion for summary judgment, the District Court determined the defendants had fully complied with the requirement that they turn over all public documents. The court determined that, to the extent documents had not been produced, Ereksons were asking for documents which did not exist, were within the attorney-client privilege or were not public records because they involved matters of individual privacy. After reviewing the affidavits and exhibits submitted in support of--and in opposition to--the motion for summary judgment, we conclude the District Court was correct. Ereksons have established no genuine issue of material fact relating to their claim based on withholding of public documents, and the defendants are entitled to judgment as a matter of law.

¶9     Affirmed.

/S/ KARLA M. GRAY

We Concur:

/S/ BRIAN MORRIS
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON